UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| PAUL VELA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1481-SEB-JMS |
| | ) | |
| LAWRENCE A. WHEELER, Individually | ) | |
| and in his official capacity as a police officer | ) | |
| for the City of Indianapolis, | ) | |
| INDIANAPOLIS POLICE DEPT., AND | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court on the Motion for Summary Judgment [Docket No. 16] filed by Defendants on December 5, 2006.  Defendants' Motion for Summary Judgment was originally filed in response to Plaintiff's Motion for Leave to File an Amended Complaint.  Magistrate Judge Shields granted Plaintiff's motion to amend, but because Defendants' response raised potentially meritorious arguments, Judge Shields ordered that the Court would allow the motion for summary judgment to proceed as such.

Plaintiff, Paul Vela, brings this claim pursuant to 42 U.S.C. § 1983 and the Indiana Tort Claims Act against Indianapolis Police Department ("IPD") Officer Lawrence Wheeler, both individually and in his official capacity, the IPD, and the City of Indianapolis, seeking damages for personal injuries he claims to have suffered as a result of alleged mistreatment during his arrest.  In his original complaint, Mr. Vela named

"Unidentified Indianapolis Police Department Officers" as defendants, and later moved to specifically name Officer Wheeler.

In their motion for summary judgment, Defendants assert that the applicable statute of limitations expired before Officer Wheeler was named as a defendant. Defendants maintain that the amendment identifying Officer Wheeler as a party does not relate back to the original filing date and, in addition, the amendment naming him as a defendant occurred more than two years after the date of the alleged injuries; consequently, the claim against Officer Wheeler is barred by the statute of limitations. Mr. Vela rejoins that genuine issues of material fact exist as to whether the statute of limitations defense is available to Officer Wheeler and whether the doctrine of equitable tolling applies in this case to permit this action to proceed. For the reasons detailed in this entry, we <u>GRANT</u> Defendants' Motion for Summary Judgment.

## ***Factual Background***

Mr. Vela was arrested for public intoxication on October 9, 2004. <u>See</u> Am. Compl. ¶ 6.[1]  In the course of this arrest, he was allegedly mistreated, which led Mr. Vela to file this suit.  Mr. Vela alleges that when he was a passenger in a vehicle that was lawfully parked, Officer Wheeler approached the vehicle and "effected a warrantless arrest" of Mr. Vela, after which Officer Wheeler "physically 'pulled' Mr. Vela from the

---

[1] "Am. Compl." refers to Plaintiff's Amended Complaint [Docket No. 18].

vehicle" and "violently placed handcuffs" on Mr. Vela, causing him to incur physical injuries.  Am. Compl. ¶¶ 7-8.

However, the events that transpired following Mr. Vela's arrest are more germane to our consideration of Defendants' Motion for Summary Judgment.  After his arrest, Mr. Vela was charged with public intoxication.  Ex. A.  During the prosecution of the case, Mr. Vela entered into a plea agreement, signed by all parties, and filed on November 19, 2004, according to which he pled guilty to the public intoxication charge.  Ex. C.  In connection with the plea agreement, Mr. Vela and his then and still current attorney of record, Stacy Kelley, both certified that they had had the opportunity to read the Probable Cause Affidavit and the charging Information and that "the facts contained in [them] are true and constitute a factual basis for [the] plea."  Ex. D ¶ 15.  The Probable Cause Affidavit listed the "arresting officer" as Lawrence Wheeler.  Ex. E.  The charging Information was signed by Lawrence Wheeler, who also printed his name below his signature on the form.  Ex. A.  However, there is no indication next to the signature that "Lawrence Wheeler" was an IPD officer.[2]  Pl.'s Resp. at 3.  These documents contain no reference to any of the alleged mistreatment of Mr. Vela and there is no other indication that Officer Wheeler was the officer who allegedly mistreated him.  Id.  According to Mr. Vela, more than one IPD officer was present at the scene during the events which gave rise to this suit, none of whom identified himself to Mr. Vela before or after the arrest.

---

[2] That information is handwritten, albeit somewhat illegibly, at the bottom of the page, however.  See Ex. A.

3

Pl.'s Resp. at 2.

Mr. Vela reports that, following this incident, Defendants were on notice that he was searching for the names of the officers involved because he had served a notice of tort claim on the city which did not specify any officers by name.  See Pl.'s Resp. at 7. Mr. Vela assumes that Defendants discovered the names of all the officers involved with his arrest through their investigation of the incident, but did not voluntarily produce that information to him.  Id.

Additionally, Mr. Vela claims he was unable to acquire the names of the officers involved in his arrest through the usual public channels (accessing the IPD Incident Report) due to a filing error in police records.  Pl.'s Resp. at 4-5.  It is undisputed that Mr. Vela's name was incorrectly recorded on the Probable Cause Affidavit as "Paul Beala" instead of "Paul Vela."  See Ex. E.  As a result, the official police records were filed under "Beala."  But the effect of such a mistake on an individual's ability to successfully locate the record through the normal searching procedure is disputed.  Indeed, Mr. Vela reports that he was unable to locate the IPD Incident Report via either Civicnet (the online public access system) or the IPD Incident Report information desk and therefore was unable to determine whether the information contained in his report revealed the names of the officers who were on the scene at the time of his arrest.  Pl.'s Resp. at 4-5, 11.  Because the records were erroneously filed using the wrong name, "a search by the name Paul Vela along with the date of the incident and the location of the incident . . . would not be accessible by the public through the online service or other request to the

4

police department."  Pl.'s Resp. at 5 n.1.  However, Defendants note that searches can also be conducted using the date, time, location, or type of arrest, and that any one of these avenues would have disclosed the incident report.  Defs.' Mem.[3] at 5.

Following the conclusion of the criminal proceedings, Mr. Vela brought this civil cause of action.  In his original complaint, filed on September 22, 2006, he failed to identify the officer(s) who caused his alleged injuries, instead naming "Unidentified Indianapolis Police Department Officers" as parties, in addition to the IPD and the City of Indianapolis.  On November 17, 2006, Mr. Vela filed a Motion for Leave to File an Amended Complaint [Docket No. 15] and an Amended Complaint for Damages seeking to add Officer Wheeler as a named party, five weeks after the applicable statute of limitations expired (on October 9, 2006), and more than two years following the date of the arrest (October 9, 2004).  The motion for summary judgment now before the Court for ruling was filed two and a half weeks later by Defendants, on December 5, 2006.

## *Legal Analysis*

### I.    *Standard of Review*

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

---

[3] This citation refers to the document titled "Defendants' Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint" [Docket No. 16].

Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party.  See id. at 255.  However, neither the "mere existence of some alleged factual dispute between the parties," id. at 247, nor the existence of "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment.  Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000).

Summary judgment is not a substitute for a trial on the merits nor is it a vehicle for resolving factual disputes.  Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994).  Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate.  See Shields Enterprises, Inc. v. First Chicago Corp., 975 F.2d 1290, 1294 (7th Cir. 1992); Wolf v. City of Fitchburg, 870 F.2d 1327, 1330 (7th Cir. 1989).  But if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated.  See Celotex, 477 U.S. at 322; Ziliak v. AstraZeneca LP, 324 F.3d 518, 520 (7th Cir. 2003).

## II.  Statute of Limitations

There is no express federal statute of limitations for an action brought pursuant to

§ 1983.  Wilson v. Garcia, 471 U.S. 261, 266 (1985).  Instead, a federal court applies the

forum state's statute of limitations for personal injury actions.  Id. at 276.  Indiana's

statute of limitations for personal injury actions is two years from the date the cause of

action accrues.  IND. CODE ANN. § 34-11-2-4 (West 2007).  Therefore, the applicable

statute of limitations in this case expired on October 9, 2006, two years following the date

of Mr. Vela's arrest on October 9, 2004.  Neither party disputes that the two-year statute

of limitations is the applicable limitations period in this case and that Mr. Vela moved to

amend his complaint after the two-year period had elapsed.


## III.  Federal Rule of Civil Procedure 15(c)

Federal Rule of Civil Procedure 15(c) governs relation back of amendments to

pleadings, providing:

> An amendment of a pleading relates back to the date of the original
> pleading when:
>> (1) relation back is permitted by the law that provides the
>> statute of limitations applicable to the action, or
>> (2) the claim or defense asserted in the amended pleading
>> arose out of the conduct, transaction, or occurrence set forth
>> or attempted to be set forth in the original pleading, or
>> (3) the amendment changes the party or the naming of the
>> party against whom a claim is asserted if the foregoing
>> provision (2) is satisfied and, within the period provided by
>> Rule 4(m) for service of the summons and complaint, the
>> party to be brought in by amendment (A) has received such
>> notice of the institution of the action that the party will not be

7

> prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a <u>mistake</u> concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c) (emphasis added).

In order for an amendment to relate back to the date of the original complaint, both the notice (Rule 15(c)(3)(A)) and the mistake (Rule 15(c)(3)(B)) requirements must be met.  However, the Seventh Circuit has held that, "in the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of Rule 15(c)(2) [now Rule 15(c)(3)] whether or not the purported substitute party knew or should have known that the action would have been brought against him."  <u>Baskin v. City of Des Plaines</u>, 138 F.3d 701, 704 (7th Cir. 1998) (quoting <u>Wood v. Woracheck</u>, 618 F.2d 1225, 1230 (7th Cir. 1980)).  Therefore, we first address the mistake requirement.

The Seventh Circuit has interpreted Rule 15(c) to permit an amendment to relate back "only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where . . . there is a lack of knowledge of the proper party."  <u>Wood</u>, 618 F.2d at 1230 (citation omitted).  If the correct defendant is already before the court, but was merely improperly named, Rule 15(c) usually allows relation back, but not in situations where the plaintiff wants to substitute a different defendant or name a new defendant.  <u>Id.</u> at 1229.  In other words, "mistake" does not include the delayed

8

discovery of the identity of a previously unidentified defendant.[4]

In this case, Mr. Vela cannot be deemed to have made a mistake concerning the identity of the proper party; he admits that he lacked knowledge of the identity of the proper party altogether and that, even at this late date, he is still trying to gain access to documents that might help him acquire such knowledge.  Pl.'s Resp. at 11.  Because Mr. Vela cannot satisfy the requirements under Rule 15(c), his attempt to amend his complaint to add Officer Wheeler as a defendant fails because it cannot be construed to relate back to the filing date of his original complaint and would thus occur beyond the two-year statute of limitations.[5]

### III.  Equitable Tolling

Mr. Vela also contends that his right to assert his claim should be extended based on the equitable tolling of the statute of limitations, even if his amendment is foreclosed under the relate back provision in Rule 15(c).  Id. at 9.  Because a federal

---

[4] Other circuits construe the mistake requirement more liberally.  In the Ninth Circuit, for example, relation back may be available when a plaintiff is unaware of the defendant's identity when the complaint is filed and "learns the identity of the new defendant only after the statute of limitations has expired because the named defendant failed to provide the information sooner." Brink v. First Credit Resources, 57 F. Supp. 2d 848, 857 (D. Ariz. 1999).  However, we are obviously bound by the rulings of the Seventh Circuit.

[5] Indeed, Mr. Vela himself appears to concede that he does not meet the requirements under Rule 15(c), stating that "[u]nder a strict application without consideration of specific facts, the Plaintiff's amendment to name Officer Wheeler would fail, unless Federal law provides an extension upon the Plaintiff's right to assert this claim against Officer Wheeler."  Pl.'s Resp. at 9.

court "borrows" the state statute of limitations for claims brought pursuant to § 1983, the state, rather than the federal, doctrine of equitable tolling also applies because of the "reciprocal relation between the length of the limitations period and the grounds for tolling (extending) it." Shropshear v. Corp. Counsel of Chicago, 275 F.3d 593, 596 (7th Cir. 2001). Under Indiana law, the statute of limitations may be tolled only in limited circumstances, including, as Mr. Vela asserts here, when the defendant has engaged in fraudulent concealment. INB Nat'l Bank v. Moran Elec. Serv., Inc., 608 N.E.2d 702, 707 (Ind. Ct. App. 1993).

The doctrine of fraudulent concealment operates to prevent a defendant from using the statute of limitations as a defense "where the defendant, by his own actions, prevents the plaintiff from obtaining the knowledge necessary to pursue a claim." Meisenhelder v. Zipp Exp., Inc., 788 N.E.2d 924, 931 (Ind. Ct. App. 2003) (citing Doe v. Shults-Lewis Child & Family Servs., Inc., 718 N.E.2d 738, 744 (Ind. 1999)). A defendant is estopped from asserting a statute of limitations defense when "either by deception or by a violation of duty, [a defendant has] concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action." Heaton & Eadie Prof'l Servs. Corp. v. Corneal Consultants, 841 N.E.2d 1181, 1188 (Ind. Ct. App. 2006) (quoting Doe, 718 N.E.2d at 744-45). "Concealment" has been interpreted under Indiana law to refer both to situations in which a defendant conceals the cause of action itself and situations where a defendant conceals or misrepresents the parties against whom a cause of action has arisen. See Stephens v.

10

Irvin, 730 N.E.2d 1271, 1280-81 (Ind. Ct. App. 2000), aff'd on reh'g. 734 N.E.2d 1133 (Ind. Ct. App. 2000), trans. denied, 753 N.E.2d 4 (Ind. 2001).

When applicable, the doctrine of fraudulent concealment operates to toll the statute of limitations until the equitable grounds no longer exist as a valid reason for the delay.  Fager v. Hundt, 610 N.E.2d 246, 251 (Ind. 1993).  At that point, the plaintiff must bring a suit "within a reasonable time after he discovers information which would lead to discovery of the cause of action."  Southerland v. Hammond, 693 N.E.2d 74, 78 (Ind. Ct. App. 1998) (citing Hughes v. Glaese, 659 N.E.2d 516, 519 (Ind. 1995)).

Defendants argue that there has been no fraudulent concealment on their behalf with regard to the identity of Officer Wheeler.  As evidence that they did not fraudulently conceal Officer Wheeler's identity, Defendants point to the Advisement and Waiver of Rights signed by Mr. Vela and his counsel, Ms. Kelley, in which both Mr. Vela and his attorney swore that they considered all the information contained in the Probable Cause Affidavit (which lists Lawrence Wheeler as the arresting officer) and the charging Information (signed by Lawrence Wheeler) to be true.  Mr. Vela rejoins that, because there were multiple officers at the scene, the "arresting officer" and the officer who inflicted the alleged injury on him at the time of his arrest could have been separate individuals; therefore, simply knowing that Officer Wheeler was the arresting officer was not enough to disclose the fact that Officer Wheeler was the officer who should have been named as a defendant in this action.

Mr. Vela argues that, when he served his notice of tort claim on Defendants

11

without identifying the specific police officer involved, Defendants necessarily conducted their own investigation of the incident at that time but "failed and refused to disclose" the names of all the officers involved in the incident. Pl.'s Resp. at 7. Additionally, Mr. Vela claims that through his efforts alone he could not access the information about the incident included in the IPD Incident Report because of the filing error, which has still not been corrected. Pl.'s Resp. at 11.

It is impossible for us to know at this point in these proceedings what information is or might have been included in the IPD Incident Report relating to Officer Wheeler and any other IPD officers who were at the scene of Mr. Vela's arrest. However, as Defendants emphasize, in resolving this motion for summary judgment, the Court need only consider whether the statute of limitations was tolled with respect to Officer Wheeler, not whether it was tolled with respect to various other, still unknown IPD officers who might have been identified in the IPD Incident Report.[6]  Information regarding the identity of Officer Wheeler and his involvement was disclosed early on.

It is clear that Mr. Vela and his attorney had notice from the outset of the criminal case of Officer Wheeler's name, that the information available to them disclosed that he was present at the scene of the incident, and that he was the officer who arrested Mr. Vela.  Defendants did not conceal any of this information; it was all clearly set forth in

---

[6] Therefore, we do not reach the question of whether the statute of limitations was tolled as to other officers who might be identified in the IPD Incident Report as being involved in this incident and/or whom Mr. Vela may later seek to name as defendants in this action.  Our order is limited to the claims against Officer Wheeler.

12

the Probable Cause Affidavit.  Even assuming that it was impossible for Mr. Vela to gain access to the IPD Incident Report due to its having been misfiled, that error and the resultant unavailability of the document do not constitute fraudulent concealment by Defendants of Officer Wheeler's identity.  Mr. Vela maintains that, to this day, he still has not gained access to the IPD Incident Report; consequently, he has no more information now about Officer Wheeler's potential responsibility for the alleged misconduct than he did when he originally filed his complaint.  Nonetheless, on the basis of the other information available to him, Mr. Vela regards it as sufficient to allow him to amend his complaint to add Officer Wheeler as a defendant.  It is unclear what accounts for this inconsistency in Mr. Vela's position on this issue.  However, if the information Mr. Vela had access to (in the Probable Cause Affidavit and charging Information) is sufficient to permit him to amend his complaint, it is surely also sufficient to have provided the basis for him to name Officer Wheeler in the original complaint or shortly thereafter through timely amendment.  There simply is no evidence to establish that Defendants engaged in fraudulent concealment of Officer Wheeler's identity as an IPD officer involved in the incident.

Because Defendants neither deceived Mr. Vela nor violated their obligation to provide information about Officer Wheeler's identity, the statute of limitations was not tolled with respect to naming Officer Wheeler as a party defendant in this litigation.  Mr. Vela's attempt to add Officer Wheeler as a defendant, therefore, fails because any claims against him at this point would fall outside the applicable two-year statute of limitations

period.  Thus, Defendants' Motion for Summary Judgment on this issue is <u>GRANTED</u>.

IT IS SO ORDERED.


Date: _____08/28/2007_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana


Copies to:
Lakshmi Devi Hasanadka
OFFICE OF CORPORATION COUNSEL
lhasanad@indygov.org

Stacy Lynn Kelley
LEE COSSELL KUEHN & LOVE LLP
skelleylaw@sbcglobal.net

James B. Osborn
OFFICE OF CORPORATION COUNSEL
josborn@indygov.org