UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL VELA, ) | |
|     Plaintiff, ) | |
| ) | |
|   vs. ) | 1:06-cv-1481-SEB-JMS |
| ) | |
| INDIANAPOLIS POLICE DEPT., and ) | |
| CITY OF INDIANAPOLIS, ) | |
|     Defendants. ) | |

**ORDER GRANTING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court on Defendants' Second Motion for Summary Judgment [Docket No. 31], filed on September 10, 2007. Plaintiff, Paul Vela, brings this claim pursuant to 42 U.S.C. § 1983 and the Indiana Tort Claims Act against the Indianapolis Police Department ("IPD") and the City of Indianapolis ("City"), seeking damages for personal injuries he claims to have suffered as a result of alleged mistreatment during his arrest. Defendants claim that they are entitled to summary judgment because: (1) Mr. Vela has not stated a proper claim against the City under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); (2) IPD is not a proper party as it has no legal identity separate from the City; and (3) no genuine issue of material fact exists regarding any state claims that Plaintiff has asserted. Plaintiff has failed to respond to this motion. For the reasons detailed below, we GRANT Defendants' second motion for summary judgment.

**Factual Background**

On October 9, 2004, IPD officer, Lawrence Wheeler, was dispatched to "The Meeting Place," a bar located at 3800 East New York Street.  Exh. A.  In his Probable Cause Affidavit, Officer Wheeler testified to the following facts: When he arrived at "The Meeting Place," he spoke with Cheryl Gauer, who told him that Mr. Vela had driven off in her red Jeep, even though he did not have a driver's license.  Id.  While Officer Wheeler was speaking with Ms. Gauer, Mr. Vela parked in a lot across the street from the bar and exited the Jeep.  Id.  Ms. Gauer identified the man as Mr. Vela, and she and Officer Wheeler crossed the street to speak with him.  Id.  Ms. Gauer asked that Mr. Vela return her keys, and he complied with her request.  Id.  Ms. Gauer then stated that she wanted to drive home, but that she did not want Mr. Vela to follow her because she was afraid he would get violent with her.  Id.  When she got in her car and started to drive away, Mr. Vela ran after the vehicle and attempted to jump in the back seat, begging Ms. Gauer to let him go with her.  Id.  At that point, Officer Wheeler pulled Mr. Vela from the vehicle and arrested him for public intoxication.  Id.

In his complaint, Mr. Vela disputes Officer Wheeler's version of the events that took place on October 9, 2004, alleging that he was falsely arrested and that in the course of that arrest, he was mistreated, which led to the filing of this suit.  Mr. Vela claims that, on the night he was arrested, he was an invited passenger in the Jeep, which was lawfully parked, when Officer Wheeler approached the vehicle and "effected a warrantless arrest"

of Mr. Vela.  Am. Compl. ¶¶ 7-8.[1]  In the course of the arrest, Mr. Vela claims that Officer Wheeler "physically 'pulled' Mr. Vela from the vehicle" and "violently placed handcuffs" on him, causing him to incur physical injuries.  Id. ¶ 8.

After his arrest, Mr. Vela was charged with public intoxication.  Exh. B.  Officer Wheeler swore in the charging information that Mr. Vela was in a state of intoxication at 3800 East New York Street, a public place.  Id.  During the prosecution of the case, Mr. Vela entered into a plea agreement, filed on November 19, 2004, and signed by all parties, including Mr. Vela's attorney, Stacy Kelley, according to which Mr. Vela pled guilty to the public intoxication charge.  Exh. D.  In connection with the plea agreement, Mr. Vela and Ms. Kelley both certified that they had had the opportunity to read the Probable Cause Affidavit and the charging Information and that "the facts contained in [them] are true and constitute a factual basis for [the] plea."  Exh. E ¶ 15.

## Legal Analysis

### I.    Standard of Review

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Disputes concerning material facts are genuine where the evidence is such that a

---

[1] "Am. Compl." refers to Plaintiff's Amended Complaint [Docket No. 18].

reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. See id. at 255. However, neither the "mere existence of some alleged factual dispute between the parties," id., 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000).

Summary judgment is not a substitute for a trial on the merits nor is it a vehicle for resolving factual disputes. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate. See Shields Enterprises, Inc. v. First Chicago Corp., 975 F.2d 1290, 1294 (7th Cir. 1992); Wolf v. City of Fitchburg, 870 F.2d 1327, 1330 (7th Cir. 1989). But, if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated. See Celotex, 477 U.S. at 322; Ziliak v. AstraZeneca LP, 324 F.3d 518, 520 (7th Cir. 2003). A failure to prove one essential element "necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

The party seeking summary judgment on a claim on which the non-moving party

bears the burden of proof at trial may discharge its burden by showing an absence of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325.  A plaintiff's self-serving statements, which are speculative or which lack a foundation of personal knowledge, and which are unsupported by specific concrete facts reflected in the record, cannot preclude summary judgment.  Albiero v. City of Kankakee, 246 F.3d 927, 933 (7th Cir. 2001); Stagman v. Ryan, 176 F.3d 986, 995 (7th Cir. 1999); Slowiak v. Land O'Lakes, Inc., 987 F.2d 1293, 1295 (7th Cir. 1993).

## II.     Section 1983

Mr. Vela brings his federal claims under 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Thus, to recover under § 1983, Mr. Vela must establish that he was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Mr. Vela's core federal claims in his lawsuit against the IPD and the City are that Officer Wheeler, while acting as an employee of the City, arrested him without probable cause and used excessive force against him in violation of the Fourth Amendment.

5

### A.     City of Indianapolis

#### 1.     Unconstitutional Policy or Custom

Mr. Vela's § 1983 claim against the City must be evaluated under <u>Monell v. Department of Social Services of the City of New York</u> and its progeny, which elucidate the circumstances in which municipalities and other local government units can be held liable under § 1983. 436 U.S. 658 (1978). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." <u>Id.</u> at 691. Thus, "units of local government are responsible only for their policies rather than misconduct by their workers." <u>Fairley v. Fermaint</u>, 482 F.3d 897, 904 (7th Cir. 2007). Therefore, to establish liability against the City, Mr. Vela must produce evidence of:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority."

<u>Lewis v. City of Chicago</u>, 496 F.3d 645, 656 (7th Cir. 2007) (quoting <u>Phelan v. Cook County</u>, 463 F.3d 773, 789 (7th Cir. 2006)).

Here, Plaintiff has presented no evidence that the City had an express policy or a widespread practice in place that caused the alleged constitutional violations about which he complains. Nor has Plaintiff presented evidence that Officer Wheeler, who allegedly caused Mr. Vela's injuries, was a person with requisite policymaking authority capable of

establishing official policy.  In fact, the only evidence in the record is evidence that the City has appropriate policies and procedures in place that deal with the proper handling of suspects, proper use of force in connection with minor infractions, and responsibility for investigations.  See Exhs. F-I.  Thus, if Mr. Vela's § 1983 claim against the City is to survive summary judgment, it must do so under the "failure to train" theory.

### 2. Failure to Train

Even if a municipality's policies and customs are all constitutional, it can still be held liable under § 1983 if its failure to train its employees results in the constitutional violation.  In City of Canton, Ohio v. Harris, the Supreme Court applied Monell to the situation in which the municipality fails to adequately train its police force.  489 U.S. 378 (1989).  It determined that liability can be imposed on the municipality only in very narrow circumstances, holding that "inadequacy of police training may serve as a basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of the persons with whom the police come into contact."  Id. at 388.

Here, Mr. Vela alleges that his constitutional injuries were caused by the City's failure to adequately train its officers.  However, the City has produced evidence that it has policies in place that it uses to train its officers on how to appropriately handle prisoners, on the legal use of force, on uniform traffic tickets or summons arrests, and on investigating reported or suspected crimes.  See Exhs. F-I.  Because Mr. Vela's attorney failed to respond to this motion, the City's evidence and argument are uncontested.  Mr.

Vela has produced no contrary evidence to demonstrate that the City does not train its officers on these procedures. Thus, there is no genuine issue of material fact regarding whether the City is deliberately indifferent to the needs of suspects, detainees, or arrestees. Consequently, for the reasons detailed above, we GRANT Defendants' motion for summary judgment with respect to Mr. Vela's § 1983 claims against the City.

### B.      Indianapolis Police Department

Defendants argue that IPD is entitled to summary judgment because it is not a suable entity in a § 1983 claim. Seventh Circuit precedent and the caselaw in this district support Defendants' contention that a city police department has no separate legal identity apart from a city. E.g., West By and Through Norris v. Waymire, 114 F.3d 646, 646-47 (7th Cir. 1997) ("The naming of the Town's Police department as a defendant adds nothing; it is almost certainly not a suable entity separate from the Town.") (citations omitted); see also Thomas v. Furge, 1999 WL 272412, at *1 n.** (7th Cir. May 3, 1999) ("Municipal police departments are not suable entities in Indiana"); Campbell v. Town of Austin, 2004 WL 256343, at *4 (S.D. Ind. Feb. 10, 2004) (Hamilton, J.) ("Similarly, the Austin Police Department has no legal identity separate from the Town of Austin, so the claims against the police department are also dismissed as duplicative."). Again, this argument is uncontested by Plaintiff. Thus, we GRANT Defendants' motion for summary judgment as to the IPD.

### III.     Indiana Tort Claims Act

It is unclear from the complaint which, if any, state law claims Mr. Vela asserts in this action.  Additionally, Mr. Vela's attorney has not responded in this matter to clarify Mr. Vela's position.  Not only have Mr. Vela and his attorney failed to controvert the evidence presented by Defendants, they even testified to its veracity when they signed the Advisement and Waiver of Rights in relation with the plea agreement, in which they certified that they were given the opportunity to read the charging information filed in Mr. Vela's criminal case and that the facts contained in it are true.  Based on the facts in the record, and in the absence of any specific statement of the claims by Plaintiff's attorney, the mere mention of the Indiana Tort Claims Act and bare allegations unsupported by the record are insufficient to create a genuine issue of material fact as to the existence of a state claim.  Thus, because no cognizable state claims have been raised, summary judgment is therefore <u>GRANTED</u> in favor of Defendants.

### IV.     Conclusion

Before concluding, we feel compelled to express our concern with the obvious and serious inadequacies in Ms. Kelley's legal representation of the Plaintiff.  It is unclear to us why Ms. Kelley requested an extension of time until December 10, 2007, to respond to this motion (which was granted), but then subsequently failed to respond, even more than a month after the deadline had passed, without any additional request for extension of time or explanation for the lack of response.  It appears from the docket that Ms. Kelley

9

filed other documents (such as a witness and exhibit list [Docket No. 38] and notice of change of address [Docket No. 40]) since requesting an extension of time, yet neglected to respond to this dispositive motion. The apparent inattentiveness of Ms. Kelley in this action[2] has clearly prejudiced her client's interests.

In any event, for the reasons detailed above, Defendants' second motion for summary judgment is <u>GRANTED</u> in its entirety. Final judgment is entered accordingly. IT IS SO ORDERED.

Date:  01/22/2008

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Lakshmi Devi Hasanadka
OFFICE OF CORPORATION COUNSEL
lhasanad@indygov.org

Stacy Lynn Kelley
COLEMAN STEVENSON LLC
skelleylaw@sbcglobal.net

---

[2] In our prior order in this case [Docket No. 30], Mr. Vela's attempt to add Officer Wheeler as a defendant failed because, although Mr. Vela and Ms. Kelley had notice from the outset of the criminal case of Officer Wheeler's name, his presence at the scene of the accident, and that he was the officer who arrested Mr. Vela, he was not named as a defendant within the applicable statute of limitations period.